# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIM. ACT. NO. 1:24-cr-112-TFM |
| | ) CRIM. ACT. NO. 1:24-cr-113-TFM |
| GLENNIE ANTONIO MCGEE | ) |

## ORDER

This matter comes to the Court's attention through the *Defense Motion to Continue Trials in the Interest of Justice and Accept Motions as Timely Filed* (Doc. 509, filed 7/3/25) filed by counsel for Defendant McGee and the *United States' Response in Opposition to Defendant's Motion to Continue Trials in the Interest of Justice* (Doc. 532, filed 7/10/25).[1]

In the response in opposition, the United States indicates that counsel for Defendant McGee appears to have fabricated citations in that he cites "several nonexistent cases, attributing false quotations to others, and directing this Court to precedent that the Supreme Court reversed more than 40 years ago. McGee's incorrect and outright fake citations—many of which the United States has been unable to locate despite diligent searches—bear the hallmarks of legal authorities 'hallucinated' by artificial intelligence." Doc. 532 at 1. In the opposition, the United States describes at length the bases for his belief that counsel for Defendant McGee fabricated citations. *Id*. at 5-8.

---

[1] The motion is filed in both cases. *See* Doc. 509, Crim. Act. No. 1:24-cr-112 ("drug conspiracy case"); Doc. 251, Crim. Act. No. 1:24-cr-113 ("financial fraud case"). However, the Court failed to issue an order in the 113 financial fraud case for the United States to respond, and the United States' response is only docketed in the 112 drug conspiracy case and is tailored toward that case. As such, any docket citations in this order reference the 112 drug conspiracy case. However, this order is being docketed in both cases as the allegations referenced below and the show cause order are applicable in both cases.

In the light of the seriousness of the accusation, the Court has conducted independent searches related to the citations at issue. Regarding the cases that allegedly do not exist, the Court's search resulted in the same issue as the allegation made by the United States – in that the cases were not found. Citations did not go to the referenced names and the cases did not relate to the issues at hand. For the cases that relate to misrepresentations or false quotations, the search did not fare any better for defending the use of those citations in the manner and context provided. Finally, the Court also agrees that certain caselaw cited was long overruled by the Supreme Court.

Accordingly, counsel for Defendant McGee is **ORDERED** to show good cause, if there be any, why they should not be sanctioned under the Court's inherent authority, S.D. Ala. GenLR 83.3(i), and/or Alabama Rule of Professional Conduct 3.3 for making false statements of fact or law to the Court, **not later than 4:00 p.m. (Central Daylight Time) on Monday, July 14, 2025**. Counsel is **ORDERED** to append to their filing copies of each allegedly fabricated legal authority; if they cannot provide such copies, counsel is further **ORDERED** to submit a sworn declaration that provides a thorough explanation for how the motion and allegedly fabricated cases were generated.

Counsel is further **ORDERED** to appear at a show cause hearing at **9:00 a.m. (CDT) on Wednesday, July 16, 2025** in Courtroom 3B, United States Courthouse, Mobile, Alabama. This proceeding is initiated pursuant to the S.D. Ala. GenLR 83.4(a). Counsel for Defendant McGee is also put on notice that the Court will now expand its review to other motions filed by him in these same cases.

The Court notes that the matters previously scheduled for Friday, July 11, 2025 have all been continued in order to provide counsel and the Court adequate opportunity to review the current allegations. Those additional matters and motions are also scheduled for hearing on July

16, 2025 at 9:00 a.m.  But with the issuance of this order, the Court puts everyone on notice that they will occur after the Court's show cause hearing.  The Court has blocked the entirety of the morning to address this and any other motions relating to the two related cases.

**DONE** and **ORDERED** this 10th day of July, 2025.

>/s/Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES DISTRICT JUDGE