IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL NO.   24-112-TFM-N |
| | )                              24-113-TFM-N |
| GLENNIE ANTONIO MCGEE, | ) |
| | ) |
| Defendant. | ) |

### Response to Show Cause Order (Doc. 537)

On July 10, 2025 the Court entered an Order requiring, in part:

Accordingly, counsel for Defendant McGee is **ORDERED** to show good cause, if there be any, why they should not be sanctioned under the Court's inherent authority, S.D. Ala. Gen LR 83.3(i), and/or Alabama Rule of Professional Conduct 3.3 for making false statements of fact or law to the Court, **not later than 4:00 p.m. (Central Daylight Time) on Monday, July 14, 2025**. Counsel is **ORDERED** to append to their filing copies of each allegedly fabricated legal authority; if they cannot provide such copies, counsel is further **ORDERED** to submit a sworn declaration that provides a thorough explanation for how the motion and allegedly fabricated cases were generated.

Attached as Exhibit 1 is the Declaration of James A. Johnson which contains the core substance of the information required by the Court. Hopefully, it makes clear that Mr. Johnson takes full responsibility for an embarrassing mistake, and that he did not knowingly (let alone intentionally) use a resource that he thought would, or could, make up fictitious authorities.

I.    The standards.

It may help to frame this submission by setting out the relevant standards the Court has referenced.

*Alabama Rule of Professional Conduct* 3.3 (a) states:

(a) A lawyer shall not knowingly:

(1) Make a false statement of material fact or law to a tribunal;
(2) Fail to disclose a material fact to a tribunal when disclosure is necessary to avoid

1

assisting a criminal or fraudulent act by the client; or
(3) Offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

*S.D. Ala. Gen LR 83.3(i)* provides that attorneys shall adhere to the *Rules of Professional Conduct* (which includes 3.3) and the *Alabama Standards for Imposing Lawyer Discipline*. . Attorneys may be disciplined by disbarment, suspension, reprimand, monetary sanctions, removal from this Court's roster of attorneys eligible for practice before it, or such other sanction as the Court may deem appropriate.

There are several aspects of the *Alabama Standards for Imposing Lawyer Discipline* the Court might consider relevant. Those include:

- 1.3 states that the standards "are designed for use in imposing discipline following a determination by clear and convincing evidence that a member of the legal profession has violated a provision of the Alabama Rules of Professional Conduct."

- 2.8 lists out "Other Discipline and Remedies" – one of which is continuing legal education. A second is the catch-all "other requirements" the Disciplinary Board deems consistent with the purposes of lawyer discipline.

- 3.0 states:

    In imposing discipline after a finding of lawyer misconduct, a court should consider the following factors:

    (a) The duty violated;
    (b) The lawyer's mental state;
    (c) The potential or actual injury caused by the lawyer's misconduct; and
    (d) The existence of aggravating or mitigating factors.

- 6.0 addresses violations of duties owed to the legal system in situations involving "dishonesty, fraud, deceit, or misrepresentation to a court."

2

The Eleventh Circuit has explained that the inherent authority to sanction of courts is a standard of "subjective bad faith." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017)

II.  Discussion

Mr. Johnson understands there may be consequences for an embarrassing error. The remainder of this discussion, therefore, is a direct response to the Court's order that he show good cause why he should not be sanctioned. It is submitted with the acknowledgment that a showing that the applicable standards do not allow (or require) sanctions does not mean the underlying mistake is excusable.

Rule of Professional Conduct 3.3(a) applies to knowing acts by an attorney. Mr. Johnson's declaration should establish that is not the situation here.

Discipline standard 1.3 is explicit that it requires (a) a violation of the Professional Conduct rules, (b) established by clear and convincing evidence. Mr. Johnson submits that while a false statement of the law was made to the tribunal (in the motion he drafted) it was not done "knowingly." Technically, Professional Conduct Rule 3.3 was not violated and, therefore, the Discipline Standards cannot apply – even if they could conceivably apply, a "clear and convincing" evidence standard could not be met. But, in candor, that may sound like an effort to hide behind technicalities. That is not Mr. Johnson's intent.

If there was discipline that could be imposed, the factors set out in Standard 3.0 would have a mitigating effect. Standard 6.0 has four subsections. (6.11 – 6.14) It encompasses misrepresentations to a court as an alternative (the word "or" is used) to dishonesty, fraud or deceit. 6.11-6.13 cannot apply. The fourth is 6.14. It allows for the discipline of a private reprimand by the Board in isolated instances of "neglect" about whether submitted statements

are "false."[1] Arguments could be made about whether the Standard contemplates statements about facts rather than the law – but that may be nitpicking. It seems relevant, however, to note that the consequences (for Board discipline) are private.

Similarly, the Court's inherent powers are only implicated by subjective bad faith. Mr. Johnson's declaration addresses that. ". . .[i]n the absence of direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is so egregious that it could only be committed in bad faith" which "is not the same as simple recklessness." Purchasing Power, LLC, at 1224-1225. However, the same case acknowledge that a combination of recklessness plus a frivolous argument might meet the subjective bad faith standard. Mr. Johnson hopes that his explanation of what happened, how, under rushed circumstances, and what he did and did not know, describes how this embarrassing mistake falls in the category of those that are negligent, or ignorant, but not reckless.

III.   Conclusion.

The Court's Order makes a simple, and understandable, demand: show good cause why sanctions should not be imposed under several possible standards. Mr. Johnson does not seek, or necessarily deserve, undue sympathy. His personal inclination to take responsibility for his mistakes goes beyond what the Rules of Professional Conduct, Local Rule 83.3(i), the disciplinary standards, and / or the Court's inherent authority to sanction allow as a basis for sanctions. The one that is closest is Discipline Standard 6.14 which involves private reprimands by the state Board. But, Mr. Johnson is also entirely aware that even if he demonstrates that what happened is not sanctionable under any of the applicable standards the Court can absolutely issue an Order which is a matter of public record (i.e. the opposite of private) describing his error and

---

[1] Again, this is on top of the predicate that there be a violation of the Rules of Professional Conduct under a clear and convincing evidence standard.

why it is unacceptable even if not sanctionable. For reasons that are similar to those that explain why attorneys who are disciplined prefer private reprimands to public reprimands, there are good reasons that a very public Order would actually be more unpleasantly consequential than a private reprimand.

But, Mr. Johnson understands he cannot dictate the consequences of the situation he has created. Therefore, he asks only that the Court consider carefully the explanation that he has provided here while it considers what is appropriate. To the extent the Court concludes that Mr. Johnson should have any input whatsoever into the consequences of his action, he is prepared to provide that input at the scheduled hearing.

It is standard to close pleadings "respectfully submitted." Mr. Johnson adds that this is also apologetically submitted.

Respectfully submitted,

/s/Ian Rosenthal
Ian D. Rosenthal – ROSEI6905
**Attorney for Defendant Glennie Antonio McGee with limited scope representation**

OF COUNSEL:
DAVIS, DAVIS AND ASSOCIATES, P.C.
27180 Pollard Road
Daphne, AL 36526
Telephone: (251) 621-1555
Email: ian@ddalawfirm.com

Certificate of Service

I certify that on the 14th day of July, 2025 I electronically filed the foregoing with the Clerk of the Court via ECF which will send notification to all counsel of record.

*/s/ Ian D. Rosenthal*